# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 2:13cr4

**KRISTIN ELAINE DYE,**

**Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Kristin Elaine Dye, in person and by counsel, Stephen Jory, appeared before me on April 16, 2012. The Government appeared by Brandon Flower, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Nineteen of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. . The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with her understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was

signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Kristin Elaine Dye, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Nineteen of the Indictment, including the elements the United States would have to prove at trial, charging her with possessing pseudoephedrine to be used to manufacture methamphetamine, in violation of Title 21, United States Code, Section 841(c)(2). From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of her guilty plea. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony, or drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

Defendant also understood she authorized the U.S. Attorney's Office to access her credit report in order to assess her financial conditions for sentencing purposes.

The undersigned also reviewed with Defendant her conditional waiver of appellate rights as follows:

Ct: Did you and Mr. Jory discuss that you have a right under the law to appeal your conviction and sentence to the Fourth Circuit Court of Appeals within 14 days following your sentence?

Def: Yes, sir.

Ct: Did you also discuss with Mr, Jory and did you understand from that discussion that you may challenge your sentence and how that sentence is being executed or carried out by filing a motion, often referred to as a write of habeas corpus-type motion, under 28 United States Code Section 2255?

Def: Yes, sir.

Ct: Did you understand that under paragraph 14 of your written plea agreement, if the actual sentence that Judge Bailey imposes on you, some six to eight weeks from now, is consistent with

> a guideline sentence at a total adjusted guideline level of 21 or lower, then you give up your right to directly appeal that sentence to the Fourth Circuit and you give up that right to collaterally attack or challenge that sentence by filing a motion under Title 28 USC section 2255?

Def: Yes, sir.

Ct: Did you understand that total adjusted guideline level means that you start out with the offense level and then you start adjusting for things like acceptance of responsibility, timely acceptance of responsibility, safety valve if it should become applicable and you meet the criteria; did you understand that?

Def: Yes, sir.

Ct: So you're agreeing, basically, at a level, if it's not more than a level 21, to give up these rights, and a level 21 under the guideline charts with a criminal history of 1, would result in a potential sentence of between 37 and 46 months of incarceration. Do you understand that?

Def: Yes, sir.

Ct: And you intended to waive your appellate rights and your collateral attack rights– habeas corpus rights– in accordance with your written agreement. Is that right?

Def: Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the conditions in the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, her counsel, and the Government as to the non-binding recommendations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea

of guilty to the felony charge contained in Count Nineteen of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Nineteen of the Indictment and make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not be permitted to withdraw her guilty plea. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Kristin Elaine Dye, with the consent of her counsel, Stephen Jory, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Nineteen of the Indictment.

The Court heard the testimony of West Virginia Senior State Trooper Victor Pyles, who testified he has experience and training as a certified clandestine lab technician. On September 13, 2012, Tpr. Pyles was working in the Buckhannon area. He was attempting to go talk to Defendant's co-defendant Richardson regarding excessive purchases of pseudoephedrine he had made. He and several other officers went to Richardson's residence, at which time they smelled a strong smell of a meth lab. They could hear movement inside the trailer and one of the officers saw a figure, later identified as Richardson, disposing of something in the trailer. They decided to enter the house. Inside they found Richardson and Defendant, and detained both. The officers saw items consistent with the manufacture of methamphetamine in plain view, and could smell the odor of either an active cook or a recent one. They obtained a search warrant. Subsequently, Defendant consented to an interview, and after being Mirandized, admitting purchasing pseudoephedrine for Richardson for $50.00. She admitted she knew he made methamphetamine. A Board of Pharmacy log indicated Defendant had purchased pseudoephedrine on September 9, 2012, at a pharmacy in Upshur County within the Northern District of West Virginia.

Defendant stated she heard, understood and agreed with Trooper Pyles' testimony. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Nineteen of the Indictment is supported by the testimony of Trooper Pyles.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the

undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Nineteen of the Indictment; Defendant understood the consequences of her plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Nineteen of the Indictment; and Defendant's plea is independently supported by the testimony of Trooper Pyles, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Nineteen of the Indictment and recommends she be adjudged guilty on said charge as contained in Count Nineteen of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this case.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: April 16, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE